■ ELIZABETH JENSEN, Appellant, et al., Plaintiffs, v. SANTA CASALE et al., Respondents.— GIBSON, P. J. Appeal from a judgment entered upon a verdict of no cause of action, and from an order which denied a motion to set aside the verdict. Appellant, a passenger in an automobile operated by her husband, claims to have been injured when the automobile, while stopped for a traffic light, was struck in the rear by respondents' car, which, according to the respondent driver, had been proceeding at a speed of about 20 miles per hour on a city street that was "very slippery" — the "road surface was all ice" — following the car in which appellant was riding by "a full car length, 15, 20 feet" until he saw the taillight of the car ahead light up, after which he "slapped on" his brakes and "slid" into the car ahead, which he conceded was stopped in a line of traffic. Asked if he "could * * * see the color of the traffic light", he said, "I don't remember. From where I was on the street I could see the traffic light, but I don't remember what color it was." There is no claim that appellant was negligent. If the verdict implies a determination by the jury that respondents were not negligent, the finding was contrary to the weight of the evidence. Respondents urge, however, that the jury could have properly concluded that appellant sustained no injury, but such a finding would also be contrary to the weight of the evidence. Concededly, there was a collision. Appellant testified that she sustained abrasions and a bruise, among other injuries. The jury was not bound, perhaps, to believe her unsupported testimony, if they considered it impeachable when standing alone; but her attending physician testified, without objection, that appellant went from the accident to the hospital and called him from there and that "a short time later" he saw her at his office, where he found, among others, the visible injuries also described in appellant's testimony, and these he related to the accident. His uncontradicted testimony was entitled to be given weight. What was held in a landmark case as to the effect of the uncontradicted testimony of a party applies with at least equal force to the testimony of an expert witness; that is: "Where * * * the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness." (*Hull* v. *Littauer*, 162 N. Y. 569, 572; Richardson, Evidence [9th ed.], § 123, pp. 95–96.) Defendants were, of course, entitled to prove that plaintiff had previously claimed injuries caused by other accidents, but the protracted cross-examination of plaintiff's husband, not as to such injuries, but as to litigation concerning

them, was improper and may have unduly influenced the jury's determination. Judgment and order reversed, on the law and the facts, with costs to appellant, and a new trial ordered. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.