■ ESTHER ROLNICK, as Administratrix of the Estate of JULIUS ROLNICK, Deceased, Appellant, v. 25TH AVENUE BUILDING CORP., Respondent.— Judgment of the Supreme Court, Kings County, entered November 23, 1965, in favor of defendant upon a jury verdict, reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. The plaintiff's decedent, a locksmith, sustained personal injuries when he fell from the first floor into the cellar while installing a lock on a door in a house under construction by defendant as owner and general contractor. It is claimed that his death several years later was due to the injuries he thus received. The door opened out from the stairwell, into which, it appears, a stairway and landings had not yet been installed. The work the decedent was doing required that the door be open and there was no railing or other barrier across the doorway to the stairwell, which was fully enclosed on its other sides. The charge of the court left it to the jury to decide whether this stairwell was the kind of opening with respect to which defendant owed plaintiff any legal duty, without making reference to applicable statutes (Labor Law, §§ 240, 241-a) and rules (§§ 23-3.9 and 23-3.24 of the State Industrial Code adopted by the State Board of Standards and Appeals;

12 NYCRR 23.3 [i]; [x]; and certain analogous rules adopted by the New York City Board of Standards and Appeals) and refusing a request by plaintiff to charge with respect thereto. This was prejudicial error, inasmuch as defendant was under a nondelegable duty to exercise reasonable care to provide the deceased with a safe place to work (*Wohlfron* v. *Brooklyn Edison Co.*, 238 App. Div. 463, affd. 263 N. Y. 547; *Hess* v. *Bernheimer & Schwartz Pilsener Brewing Co.*, 219 N. Y. 415; *Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379); and a violation of the stated rules, if found, would constitute some evidence of negligence, which plaintiff was entitled to have submitted to the jury to consider (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20, 29; *Vallina* v. *Wright & Kremers*, 7 A D 2d 101, 108–109). Ughetta, Acting P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.