MARION KENTON, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37985.)

Third Department, December 27, 1967.

*Shatzkin & Cooper* (*Benjamin H. Siff* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for respondent.

REYNOLDS, J. Claimant appeals from a judgment of the Court of Claims dismissing her claim in a negligence action against the State, following a trial.

The court has found "that the sole proximate cause of this accident was the negligence of the claimant in operating her automobile at an excessive and dangerous rate of speed for the highway condition prevailing at the time of the accident" and further that, "claimant has failed to establish that the State was negligent or that any act or omission on the part of the State caused or contributed to the cause of this accident". We agree and affirm.

Claimant herein sought to recover for personal injuries received in a motor vehicle accident which occurred shortly after 4:00 P.M. on February 15, 1959 between Liberty and Ferndale, New York, on Route 17, at that time a two-lane highway. The evidence showed that in the morning of that day it was clear, cool and dry along this stretch of highway, but that between 2:00 and 3:00 P.M. the weather changed and it became cloudy and misty and the road surface became wet. There was credible evidence which the trier of the facts could accept that the wet condition of the highway had changed to generally icy condition prior to the crash, at the site of accident and for a substantial distance to the north and south thereof. There were other accidents and cars skidding from the highway both north and south of this accident. The claimant had left Grossingers to proceed to New York City shortly before 4 o'clock. A disinterested witness who preceded her on the same route from Grossingers testified that the highway was generally icy between Grossingers and the scene of the accident and she was driving slowly. That as she came to a descending grade, the site of the accident, she saw that ahead of her it was a sheet of ice and accordingly she slowed her car down. That as she was proceeding very slowly down this grade, she heard a horn blow and the car driven by the claimant pulled out to pass her and then started swerving and skidding and went off the left side of the highway into a tree. There were two passengers in claimant's car who were not produced at the trial. The claimant admitted a speed of at least 30 miles per hour, and apparently failed to observe the icy condition ahead and to slow down as the witness did, but pulled out and went past her. The court could well find on this state of the record that claimant was driving at a speed too fast for the conditions, and that she was not maintaining a proper lookout, thereby failing to sustain her burden of proving her freedom from contributory negligence. The issue of contributory negligence is peculiarly within the province of the trier of the facts. (*Tyrell* v. *State of New York,* 6 A D 2d 958; *Bruce* v. *State of New York,* 3 A D 2d 793, 794; *Collins* v. *City*

*of New York,* 263 App. Div. 893; *Mieuli* v. *New York & Queens County Ry. Co.,* 136 App. Div. 373; *Holpp* v. *Carafa,* 8 A D 2d 617.) A responsibility rests upon the operators of motor vehicles, who venture on our highways in the wintertime in this geographical latitude when hazardous conditions prevail rather frequently, to take into consideration the fact that such conditions as were present here are likely to occur and to operate their vehicles with due caution accordingly. Additionally, the trial court could find that the claimant had failed to establish that the State was negligent or contributed to cause the accident. (*Gambino* v. *State of New York,* 28 A D 2d 629; *Meshurle* v. *State of New York,* 25 A D 2d 709; *White* v. *State of New York,* 11 A D 2d 871; *Quigley* v. *State of New York,* 281 App. Div. 185, affd. 308 N. Y. 846.)

Claimant's attorney sought to introduce a statement given by the disinterested witness to an investigator for the Attorney-General's office for the purpose of impeaching her testimony. This was excluded on the ground that it was part of the work product of the Attorney-General and it is urged that this was error. This statement was, however, properly excluded because no proper foundation was laid for its reception and further, assuming that it should have been received, our inspection of the original produced by the Attorney-General and stipulated by the parties, satisfies us that it did not contradict the witness' testimony. Indeed the witness' statement " that the road was quite slippery due to ice patches and had been since I left Grossingers ", was far more damaging to claimant than was her testimony at the trial. Furthermore, even if error, it was not prejudicial error.

The judgment should be affirmed.

GABRIELLI, J. (dissenting). I am unable to agree with the majority and vote for a reversal of the judgment.

While driving her car on a two-lane highway (Route 17) and after breaking over the crest of a hill claimant struck a patch of ice, skidded off the road and crashed into a tree. It is undisputed that claimant had never driven a car over this road before. It is also apparent that at the place of this occurrence, water would collect on the narrow shoulder and highway whenever there was melting snow, because of the slope of the adjacent land and the shallow drainage condition resulting in ice forming thereon when the temperature dropped. This was common knowledge among people who travelled the highway and the situation had existed for some period of time, the testimony showing that this situation had prevailed for a period of from

two to five years. The State owes a duty to the users of State highways to give adequate warning of the existing conditions and hazards on its highways. (*McDevitt* v. *State of New York*, 1 N Y 2d 540.) It is undisputed that there were no signs erected to give warning of the conditions to be found. The record fails to substantiate the court's findings that prior to the accident on the night in question generally icy conditions prevailed.

The greater, if not the strongest, weight of the evidence showed that the situation complained of had existed for such a long period of time that the State was placed on constructive notice thereof. To the extent that the condition was caused by the narrow shoulder and shallow drainage facilities, such notice would indeed, not be necessary in any event, for the evidence showed that the State had constructed and maintained these facilities (*Costa* v. *Kjeligren Constr. Co.*, 18 A D 2d 1075).

To buttress the claimant's contention, an engineer gave uncontradicted testimony that the improper drainage facilities caused the ice to form. While it is true that under ordinary circumstances it is within the province of a trier of facts to determine whether an expert's opinion should be accepted or rejected (*Commercial Cas. Ins. Co.* v. *Roman*, 269 N. Y. 451, 456–457) such an expert's opinion should be given weight when it is not contradicted by any direct evidence or opposed to the probabilities (*Jensen* v. *Santa Casale*, 22 A D 2d 994), wherein we stated: " His uncontradicted testimony was entitled to be given weight. What was held in a landmark case as to the effect of the uncontradicted testimony of a party applies with at least equal force to the testimony of an expert witness; that is: 'Where * * * the evidence of a party to the action is not contradicted by direct evidence, * * * and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to its conclusiveness.' (*Hull* v. *Littauer*, 162 N. Y. 569, 572; Richardson, Evidence [9th ed.], § 123, pp. 95–96.) "

The court predicated its finding of contributory negligence on the testimony of the witness Salinas whose car claimant had passed prior to the accident. The conclusion of the trial court that the claimant was contributorily negligent is clearly contrary to the weight of the evidence. The record shows that the claimant, traveling at a moderate speed, passed the car operated by Mrs. Salinas on a straight stretch of highway where passing was permitted. The witness Salinas testified that the road was icy all the way from Grossingers, but the greater weight of the evidence produced through the disinter-

ested eyewitness Sweet and that of the trooper would indicate that the first ice patch encountered by the claimant was the one where she skidded resulting in the accident. Upon the facts in this case and the clear testimonial and documentary evidence, the trial court erroneously exercised its fact-finding power when it determined that the claimant was contributorily negligent. (See *Rugg* v. *State of New York,* 1 A D 2d 916; *Bruce* v. *State of New York,* 3 A D 2d 793.)

The judgment should be reversed and a new trial ordered.

GIBSON, P. J., and STALEY, JR., J., concur with REYNOLDS, J.; AULISI and GABRIELLI, JJ., dissent and vote for reversal and a new trial in a memorandum by GABRIELLI J.

Judgment affirmed, without costs.