■ ROBERT LAMBERT, Appellant, v. GOLDIE LAMBERT, Respondent.— In an action in which a judgment of the Supreme Court, Kings County, was made on December 29, 1972, after a nonjury trial, *inter alia* granting defendant a divorce, plaintiff appeals, as limited by his brief, from so much of the judgment as, upon the second cause of action in defendant's "cross complaint", directed plaintiff to pay defendant $20,000, plus interest, representing one half of the funds on deposit in a joint bank account. Judgment reversed insofar as appealed from, on the law, without costs; new trial granted on the second cause of action in defendant's cross complaint; and said cause of action is severed. The appeal did not present questions of fact. When a husband opens a joint bank account in the names of himself and his wife, with a right of survivorship, it is presumed that he intends a joint tenancy with his wife and that she thereby receives a present gift of a moiety or one half of the value of the property on deposit (*Matter of Granwell*, 20 N Y 2d 91; *Matter of Bricker* [*Krimer*] v. *Krimer*, 13 N Y 2d 22, 27–28; Banking Law, § 675). The presumption that a joint tenancy was intended, however, is merely a rebuttable presumption as to funds withdrawn prior to the death of the depositor (*Matter of Bricker* [*Krimer*] v. *Krimer, supra*, p. 27; *Matter of Porianda*, 256 N. Y. 423; *Pendley* v. *Pendley*, 163 Misc. 571, 574). "For the depositors themselves, the form [of the account] is not conclusive in any contest during their joint lives as to the title to the moneys, nor conclusive after the death of either as to moneys then withdrawn" (*Moskowitz* v. *Marrow*, 251 N. Y. 380, 396–397). In our opinion, it was error for the trial court to exclude evidence offered by plaintiff which tended to rebut the presumption of joint ownership. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ AURELIA MOLINELLI et al., Respondents, v. WALTER G. ROESH, Defendant, and JOHN CALLAROTA, Appellant.— In a negligence action to recover damages for personal injuries, defendant Callarota appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered October 30, 1972, as set aside a jury verdict in his favor and granted plaintiffs a new trial as against him solely on the issues of damages. Judgment affirmed insofar as it granted said relief to plaintiff Mary Molinelli against defendant Callarota, with costs to said plaintiff to abide the event; judgment reversed insofar as it granted said relief to plaintiffs Aurelia Molinelli and Margaret Benevenuto against defendant Callarota, without costs, and verdict in favor of said defendant against said two plaintiffs reinstated; and case remitted to the trial court for entry of an appropriate amended judgment consistent herewith, including a provision for severance of the cause of plaintiff Mary Molinelli against defendant Callarota. In our opinion, a verdict of no damages or injury as to plaintiffs Aurelia Molinelli and Margaret Benevenuto was permissible upon the evidence presented. However, as to plaintiff Mary Molinelli such a verdict was against the weight of the credible evidence. Although the force of the impact upon this rear-end collision was disputed, much of Mary Molinelli's testimony as to injuries and treatment was corroborated by her neurologist; and defendant Callarota did not see fit to call his own medical expert, who examined her sometime prior to trial, as a witness. The neurologist's testimony might be subject to differing inferences in respect to whether the accident was the competent producing cause of all of this plaintiff's subsequent problems; but, since it is manifest upon the record that some injury was sustained, the verdict against her as to defendant Callarota cannot be permitted to stand (*Waldbillig* v. *Poitras*, 29 A D 2d 595; *Farrell* v. *Klapach*, 24 A D 2d 590; *Jensen* v. *Casale*, 22 A D 2d 994). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.