■   MILTON A. MEROLA, Appellant-Respondent, v BLANCHE MEROLA, Respondent-Appellant.—In a divorce action, the parties cross-appeal from a judgment of the Supreme Court, Kings County, dated December 22, 1977, after a nonjury trial, as follows: (1) the plaintiff, as limited by his brief, from so much of the judgment as (a) awarded alimony and child support to the defendant wife in the total amount of $375 per week and (b) awarded the parties' remaining cash savings in the amount of $20,000 to the defendant and (2) defendant from so much of the judgment as fixed the amount of alimony and child support, on the ground of inadequacy. Judgment modified, on the law, by striking the seventh decretal paragraph thereof and substituting therefor a provision awarding $20,000 to the plaintiff, representing the balance of all moneys of the parties taken by the defendant. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. In our opinion it was error to award the wife the balance of the parties' cash savings. The wife admitted that she had withdrawn approximately $40,000 from joint accounts with her husband and had spent approximately half that amount as of the time of trial in October, 1977. The weight of the credible evidence shows that most, if not all, of the $40,000 was contributed by the husband. Neither party has rebutted the presumption that the accounts from which the wife's withdrawals were made were in fact joint accounts with a right of survivorship (see Banking Law, § 675). Likewise, the husband has not rebutted the presumption that by depositing moneys into joint bank accounts in the names of himself and his wife he intended to make a present gift to his wife of a moiety or one half of the value of the property on deposit (see *Lambert v Lambert,* 42 AD2d 903). By withdrawing the joint savings in their entirety the wife took in excess of her moiety, and the husband has an absolute right, during the lifetime of both

parties, to recover such excess (see *Matter of Bricker [Krimer] v Krimer*, 13 NY2d 22, 27). Special Term should have awarded the remaining one half of the parties' joint savings to the husband (see Domestic Relations Law, § 234). Although the complaint does not specifically seek the relief awarded by Special Term with respect to the $20,000 remaining, the parties, by introducing evidence relating to the account, charted their own course and we should not intervene in their scheme (see *Stevenson v News Syndicate Co.*, 302 NY 81, 87; *Leopold v Britt*, 58 AD2d 856, 857; CPLR 3017, subd [a]). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.