■ ROSEMARY McH. BARKER, Respondent-Appellant, v DAVID BICE, Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered March 19, 1981 in Chenango County, upon a verdict at Trial Term (Lee, Jr., J.). Upon the trial of this action to recover damages for personal injuries resulting from an automobile accident on September 16, 1977, one of the principal issues for jury determination was whether plaintiff had sustained "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law. The jury, using written questions furnished by the court, awarded $5,000 damages for pain and suffering but found that plaintiff had not "permanently lost the use of a body function." The court changed this latter jury response, granting plaintiff's motion for a directed verdict. Defendant has appealed and plaintiff has cross-appealed urging inadequacy of the verdict. Our inquiry is centered upon the propriety of the directed verdict by which the court, in effect, determined that the "serious injury threshold" required by the Insurance Law had been met as a matter of law. We have previously held that this question should be determined by the trier of the facts (*Simone v Streeben,* 56 AD2d 237, 239; *Sanders v Rickard,* 51 AD2d 260, 263-264). Of course, a verdict may be set aside where there is simply no valid line of reasoning or permissible inferences which could possibly lead rational minds to reach the jury conclusion on the basis of the evidence presented (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). The test is not merely whether the jury erred in its interpretation of the evidence, but whether any evidence exists to support the verdict. In deciding if the jury conclusion was utterly irrational, the evidence must be viewed in the light most favorable to the nonmoving party, who must be accorded every favorable inference which can reasonably be drawn (*O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431, 439). Viewed in the light of these criteria, we find that the trial court erred in its direction of a verdict in favor of plaintiff. While under ordinary circumstances, a trier of fact need not credit a medical expert's testimony, such opinion should be given great weight when it is neither contradicted by direct evidence, nor opposed to the probabilities, nor in its nature is surprising or suspicious (*Jensen v Casale,* 22 AD2d 994; see *Kenton v State of New York,* 29 AD2d 64, 67 [Gabrielli, J., dissenting]). Crucial then, is the fact that defendant failed to produce any medical witnesses although his own doctor had examined plaintiff (*Molinelli v Roesh,* 42 AD2d 903; *Foley v Rodenberg,* 34 AD2d 697). Clearly, the jury verdict was against the weight of the evidence. Under these circumstances, the proper disposition would have been to set the verdict aside and order a new trial (*Martin v City of Albany,* 42 NY2d 13), not to direct a verdict in favor of

plaintiff as a matter of law. In view of this determination, it is unnecessary to reach the other issues presented. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.