■ LOTTIE KOZLOWSKI, Individually and as Administratrix of the Estate of JOHN KOZLOWSKI, Deceased, Appellant, v CITY OF AMSTERDAM, Respondent. — Weiss, J. Appeal from an order of the Supreme Court at Trial Term (Crangle, J.), entered December 16, 1983 in Montgomery County, which denied plaintiff's motion to set aside a verdict in favor of defendant.

On November 19, 1978, plaintiff's intestate, John Kozlowski, was arrested by the City of Amsterdam Police for driving while

intoxicated. While in custody, decedent hung himself in his cell utilizing his socks as a ligature. Plaintiff, as administratrix of her husband's estate, commenced the instant action for wrongful death charging defendant with negligent supervision of decedent. At trial, plaintiff essentially established that decedent was intoxicated at the time of his arrest, was uncooperative during segments of the booking process and expressed suicidal intentions. A breathalyzer test registered .23% blood alcohol content. Defendant presented testimony showing that decedent was initially handcuffed to the booking desk for supervision purposes, that he stated he wanted to kill himself because he was dying of cancer and that he was removed to a cell only after it appeared that he was tired and had calmed down. After the jury returned a verdict of no cause of action, plaintiff's counsel orally moved for judgment notwithstanding the verdict on the grounds that plaintiff was entitled to judgment as a matter of law and the verdict was contrary to the evidence (CPLR 4404 [a]). The motion was denied by order entered December 16, 1983. A final judgment in favor of defendant was entered on the same day. Plaintiff's appeal ensued.

Initially, we note that plaintiff improperly appealed from the order denying her motion for judgment notwithstanding the verdict. Once a final judgment is entered in an action, an intermediate order, such as the one at issue, may be reviewed only in the context of an appeal from the final judgment (*Jema Props. v McLeod,* 51 AD2d 702). In her reply brief, plaintiff asserts that the failure to appeal from the judgment resulted from a secretarial oversight and that no prejudice inured against defendant. Although it is clear that plaintiff's notice of appeal was in error, we have, in the interest of justice, exercised our discretion to consider the appeal as one from the judgment (CPLR 5520 [c]; *see, Men's World Outlet v Estate of Steinberg,* 101 AD2d 854; *National Bank v Kory,* 63 AD2d 579, 580, *lv denied* 45 NY2d 712; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567).

Turning to the merits, we find no error in Trial Term's denial of plaintiff's motion for judgment notwithstanding the verdict. On such a motion, the trial court must determine from the evidence presented at trial whether any rational basis exists for the conclusion on liability reached by the jury (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Palermo v Gambitsky,* 92 AD2d 1005, 1006). The test is not whether the jury erred in weighing the evidence presented, but whether any viable evidence exists to support the verdict (*Barker v Bice,* 87 AD2d 908). Here, as noted above, plaintiff presented evidence that decedent was

intoxicated and potentially suicidal. Defendant, on the other hand, produced testimony that decedent was calm and in "good spirits" when placed in the cell, that his shoes and belt were removed and that he was checked within 30 minutes after being placed in the cell. Also in evidence was a State regulation requiring 30-minute interval checks on prisoners in city jail cells or that, "[i]n situations where a prisoner's physical or mental condition obviously warrants it, constant observation and supervision shall be provided" (9 NYCRR 7504.1 [b]). Since the jury could have determined that the police acted reasonably in keeping decedent under constant supervision at the booking area until he appeared calmer, and removed certain potentially harmful items of clothing, the verdict in defendant's favor was clearly not irrational.

Plaintiff also contends that Trial Term erred in refusing to admit into evidence a report prepared by the Medical Review Commission of the State Commission of Corrections pursuant to Correction Law § 47 (1) (a), (d) concerning decedent's death. We agree. In its report, the Medical Review Commission concluded that a violation of 9 NYCRR 7504.1 had occurred in that defendant failed to maintain constant supervision of decedent after placing him in a cell in view of his intoxication and expressions of suicidal ideation. Since the report was prepared pursuant to statutory mandate, it was at the very least admissible under the public documents common-law exception to the hearsay rule (*see*, Sklar, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4520, p 480; Richardson, Evidence §§ 342, 346, at 308-309, 313 [Prince 10th ed]). Contrary to defendant's contention that admission of the report would serve to preempt the jury's function, a violation of an administrative rule is simply some evidence of negligence which a jury is free to disregard even where the adverse party offers no evidence on the point (*see, Conte v Large Scale Dev. Corp.*, 10 NY2d 20, 29; 41 NY Jur, Negligence, § 43). Since the report was properly prepared and clearly relevant, plaintiff had a right to have it admitted into evidence (*see, Wolfe v Samaritan Hosp.*, 104 AD2d 143, 146; *Rolnick v 25th Ave. Bldg. Corp.*, 27 AD2d 844). Additionally, two memoranda of the Commission of Corrections certified by counsel to said Commission, concerning the standard of care for intoxicated prisoners, were also improperly excluded. These documents, which were included by reference in the Medical Review Commission's report, were admissible under the business records exception to the hearsay rule (CPLR 4518) and relevant to the issue of whether defendant was negligent in its care of decedent. In view of the close question of negligence presented in this case, we conclude that the failure to admit

these materials constitutes prejudicial error warranting a new trial (CPLR 2002; *Wolfe v Samaritan Hosp., supra; see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02).

Having so concluded, we note that Trial Term properly excluded a letter from defendant's Chief of Police which concerned the implementation of recommendations made by the Medical Review Board and correctly determined that plaintiff's expert witness had not been qualified to render an opinion on the standard methods used by city jailers when detaining intoxicated prisoners.

Judgment reversed, on the law, with costs to abide the event, and matter remitted to Trial Term for a new trial. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.