THIRD DEPARTMENT, DECEMBER, 1988

(December 1, 1988)

■ BENJAMIN MEYER, an Infant, by RICHARD B. MEYER, His Father and Natural Guardian, et al., Appellants, v SMILEY BROTHERS, INC., Doing Business as MOHONK MOUNTAIN HOUSE, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered January 21, 1987 in Ulster County, upon a verdict rendered in favor of defendant.

On the morning of October 18, 1980, plaintiff Benjamin Meyer (hereinafter Benjamin) was hiking with his father, plaintiff Richard B. Meyer (hereinafter plaintiff), when he fell off a 30-to-40-foot cliff, sustaining numerous serious injuries. At the time of the accident, plaintiff's family was vacationing at Mohonk Mountain House, a resort hotel operated by defendant in the Town of New Paltz, Ulster County. The resort features a network of scenic hiking trails over which approximately 100,000 people a year hike.

Plaintiff, Benjamin and two friends were hiking on a trail

known as Sky Top Path on October 18, 1980, a drizzly morning. The parties stopped to rest at one of the approximately 120 gazebos which were erected along the trails for hikers to rest and enjoy the scenic views. The gazebo was about 4½ feet wide on each side with one side open for an entrance. The other sides consisted of two horizontal railings connecting vertical corner posts. The lower railing was approximately 18 inches above the ground. As one entered the gazebo, to the left and straight ahead were two benches to seat four persons, and to the right was a view of the hotel and a nearby lake. The floor of the gazebo was a rock, which sloped slightly toward the side with a view and toward the edge of a cliff.

After resting briefly at the gazebo, the group got up to leave, with the friends and plaintiff exiting first. As Benjamin started to leave the gazebo, he slipped, fell under the lower railing of the gazebo and over the cliff. He suffered multiple fractures and internal bleeding which necessitated surgery and confinement in a hospital for over a month.

Plaintiffs subsequently commenced this action against defendant seeking damages for Benjamin's injuries and plaintiff's derivative action. The complaint alleged that defendant had negligently allowed a dangerous, known condition to exist at the gazebo and that defendant had breached an implied warranty of safety and fitness. The action moved to trial and, after hearing the testimony and considering the evidence, the jury returned a verdict in favor of defendant. Plaintiffs' motion to set aside the verdict as against the weight of the evidence was denied. Plaintiffs appeal.

Plaintiffs contend that Supreme Court erred in failing to grant their motion to set aside the verdict as against the weight of the evidence. Jury verdicts are not lightly set aside *(see, Halvorsen v Ford Motor Co.,* 132 AD2d 57, *lv denied* 71 NY2d 805). The mere fact that a trial court might have decided the issue differently is not enough to justify setting aside a jury verdict *(see, supra,* at 62; *Beechey v De Sorbo,* 53 AD2d 727). For a jury verdict to be set aside, it must be shown that the evidence so predominates in favor of the losing party that the jury's verdict could not have been rendered by any fair interpretation of the evidence *(Rowe v Board of Educ.,* 120 AD2d 850, 851, *lv denied* 68 NY2d 609; *Roberts v Ausable Chasm Co.,* 47 AD2d 979, 980).

Here, the jury was presented with pictures of the gazebo and its location with respect to the precipice. There was testimony regarding the rock upon which the gazebo sat as well as the use received by the gazebos and trails. Upon

review of the record, we do not believe that the evidence so predominates in favor of plaintiffs that the jury could not have reasonably concluded that under the circumstances involved here, i.e., hiking on trails in a mountainous area, that the accident site was reasonably safe *(see, Basso v Miller,* 40 NY2d 233). Accordingly, we decline to disturb the verdict as against the weight of the evidence.

Plaintiffs assert that numerous other errors requiring reversal were made with respect to evidentiary rulings and jury instructions. We cannot agree. A review of the jury instructions, which were in many respects tailored closely after the Pattern Jury Instructions, reveals that Supreme Court aptly set forth the legal principles and factual contentions involved in the lawsuit. Plaintiffs' contentions with respect to the court's evidentiary rulings have been considered and found not to merit reversal.

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.