■ PETER M. SORENSEN, Respondent, v CHARLES J. NAZARIAN et al., Appellants.—Crew III, J. Appeal from a judgment

of the Supreme Court (McDermott, J.), entered May 23, 1990 in Albany County, upon a verdict rendered in favor of plaintiff.

On January 16, 1984 at about 9:15 A.M., plaintiff was driving his car north on Boght Road in the Town of Colonie, Albany County. The weather on that day was cloudy, overcast and gray with patchy fog. As he proceeded along Boght Road, plaintiff saw something ahead which appeared to be more fog. However, when he was within 10 feet of what appeared to him to be fog, plaintiff observed a large truck stopped in his lane of travel. He turned into the southbound lane of traffic, saw a car approaching, swerved back to the northbound lane and collided with the truck. As a result of the collision, plaintiff's jaw was fractured and he lost five teeth. Plaintiff commenced this action for personal injuries against both the owner and operator of the truck. After trial a jury returned a verdict for plaintiff in the amount of $150,000 for past pain and suffering and $50,000 for future pain and suffering, and apportioned liability as 5% attributable to plaintiff and 95% to defendants. Defendants moved to set aside the verdict as being against the weight of the evidence and also moved to set the verdict aside as excessive. Supreme Court denied both motions and this appeal ensued.

Defendants contend that the jury's apportionment of fault between the parties is against the weight of the evidence. They claim that plaintiff failed to maintain a proper lookout as a result of which plaintiff was mostly, if not totally, responsible for colliding with their truck. We disagree. Viewing the evidence in a light most favorable to plaintiff, the jury could have fairly interpreted it to demonstrate that defendants' truck was stopped in the northbound lane emitting exhaust which appeared to plaintiff as fog and that plaintiff's unfocused attention was due to that latent circumstance, thereby making him minimally responsible for the accident. Accordingly, we decline to disturb the verdict as against the weight of the evidence (see, Meyer v Smiley Bros., 145 AD2d 674, 675; Schnarch v Owen, 124 AD2d 372, 375). Defendants' remaining arguments have been examined and found to be unpersuasive. Any argument regarding Supreme Court's charge concerning the factual contentions of the parties was waived due to defendants' failure to object to the charge as given (CPLR 4110-b; see, Zito v New York State Elec. & Gas Corp., 122 AD2d 499, 500-501). Furthermore, we do not find the verdict to be excessive as it did not deviate materially

from what would be deemed reasonable compensation *(see, Russell v Hepburn Hosp.,* 173 AD2d 985).

Casey, J. P., Weiss, Mikoll and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.