■ LAURETTA POWER, Individually and as Parent and Natural Guardian of MICHAEL POWER, JR., an Infant, Appellant, v McDONALD's CORPORATION et al., Respondents.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered April 4, 1991 in Schoharie County, upon a verdict in favor of defendants.

The discrete issue in this matter is whether the jury's verdict that defendants were not negligent in the maintenance of a restaurant parking lot where plaintiff fell is against the weight of evidence. Plaintiff fell after stepping off a curb in defendants' parking lot and sustained a foot injury. Plaintiff commenced this action alleging negligent maintenance of the property on the part of defendants. Plaintiff alleged that defendants permitted pools of water and debris to collect on

the premises in the way of public access to the restaurant, creating a dangerous and hazardous condition which caused her and her infant son* to fall and sustain injury. Plaintiff testified that she stepped down into a puddle area after exiting the restaurant and onto what felt to be an uneven edge or possibly a stone or twig, and her ankle turned causing her to fall. Employees of defendants testified to the safety inspection program in place for the premises, that a drainage system was put in to carry off rain water, that water normally accumulated only after a couple of days of rain, that the accumulated water on the day of the accident did not reach over an employee's shoe and that the pavement was level without any potholes.

We conclude that the verdict is not against the weight of evidence. Plaintiff was unsure as to what caused her foot to twist and make her fall. The evidence of whether a dangerous condition was allowed to exist and whether defendants knew or should have known of its existence is conflicting. Viewing the evidence in a light most favorable to defendants, we conclude that it did not preponderate so greatly in plaintiff's favor that the finding in favor of defendants should be set aside (see, Meyer v Smiley Bros., 145 AD2d 674, 675-676).

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* No proof of the extent of the infant's injuries was presented at trial. Plaintiff's counsel made no mention of the infant's injuries during the entire course of the trial. We deem his cause of action abandoned.