■ J. MICHAEL FARRELL et al., Plaintiffs, v STAFFORD MACHINERY CORPORATION et al., Appellants, and SP&D TRANSFER et al., Respondents. [613 NYS2d 766] —Crew III, J. Appeals (1) from an order of the Supreme Court (Best, J.), entered January 14, 1993 in Hamilton County, which denied motions by defendants Stafford Machinery Corporation and Norfolk Paper Company, Inc. to, *inter alia,* set aside a verdict in favor of defendants SP&D Transfer and SMX Transport, Inc., and (2) from the judgment entered thereon.

Defendant Norfolk Paper Company, Inc. manufactures paper and periodically removes the rolls on which it makes the paper and sends them out for resurfacing. On September 23, 1988, Norfolk shipped two such rolls, mounted on skids, to defendant Stafford Machinery Corporation for resurfacing. Following resurfacing, Stafford placed the rolls back on the skids and, on September 29, 1988, loaded them on a tractor trailer owned and operated by defendants SP&D Transfer and SMX Transport, Inc. (hereinafter collectively referred to as SMX). While SMX was in transit to Norfolk, one of the rolls broke free of its skid, fell off the tractor and collided with plaintiff J. Michael Farrell's automobile. Thereafter Farrell and his spouse commenced a personal injury action against Norfolk, Stafford and SMX, which was settled by stipulation, with the allocation of defendants' fault to be decided by a jury trial. Following the trial, the jury returned a verdict finding Norfolk 60% negligent, Stafford 40% negligent and SMX not negligent. Norfolk and Stafford moved to set aside the verdict as against the weight of the evidence, which motions were denied, and these appeals ensued.

Before addressing the substantive issues presented, we must address SMX's procedural contention that these appeals are untimely. Norfolk's and Stafford's motions to set aside the verdict were made in open court immediately after the jury announced its verdict, and Supreme Court reserved its decision. Before Supreme Court ruled on those motions, plaintiffs moved for a judgment against Stafford to pay its proportionate share of the settlement, as determined by the jury, which motion was granted and judgment was entered on November 18, 1992. Norfolk and Stafford have not appealed from that

judgment. Instead, they appeal from the order entered January 14, 1993, which denied their motions to set aside the verdict, and from the judgment entered January 27, 1993 reflecting the jury's verdict.

We reject the contention of SMX that Norfolk and Stafford should have appealed from the November 18, 1992 judgment and because their appeals are not within 30 days of the time they were served with that judgment, they are untimely. The November 18, 1992 judgment was served on defendants by plaintiffs' attorneys, rather than by the attorneys for SMX and, as such, was not effective to commence the running of the time within which to take an appeal (see, Williams v Forbes, 157 AD2d 837, 838-839). Moreover, the November 18, 1992 judgment did not fully and completely determine the rights and liabilities of defendants because it was based upon only the stipulation of settlement in which defendants agreed that plaintiffs' settlement would be paid in the percentages allocated by the jury, and at the time of plaintiffs' motion Stafford had not paid its proportionate share. It was not until entry of the order denying the motions of Norfolk and Stafford and the resultant January 27, 1993 judgment that the rights and liabilities of defendants were fully and finally determined, and Norfolk and Stafford properly appealed from said order and judgment.

Both Norfolk and Stafford contend that the verdict was against the weight of the evidence and that their motions to set aside the verdict were improperly denied. In reviewing a motion for judgment notwithstanding a verdict, our inquiry is whether there is any evidence to support the verdict, and the verdict will not be set aside unless it is "utterly irrational" (Barker v Bice, 87 AD2d 908). Furthermore, it is not a question of whether the trial court may have decided the case differently, but whether the verdict could not have been rendered by any fair interpretation of the evidence (see, Meyer v Smiley Bros., 145 AD2d 674, 675).

We conclude that the evidence in this case was such that it was not irrational for the jury to decide as it did and that Supreme Court properly denied the motions to set the verdict aside. Viewing the evidence in a light most favorable to SMX, it appears that Norfolk shipped a "king" roll weighing 30,000 pounds and a "queen" roll weighing 10,000 pounds. Each roll had its own designated skid, a blue skid designed to hold the "king" roll and a yellow skid designed to hold the "queen" roll. The blue skid was heavier than the yellow skid and had "V" shaped arms to hold the roll in place. The yellow skid,

which was manufactured by Norfolk, did not have "V" shaped arms, but was fitted with metal bands which went around the roll to hold it in place. The metal bands had bolt holes at both ends cut by Norfolk with an acetylene torch. The trial evidence indicated that, contrary to Norfolk's own rules, the "king" roll was shipped to Stafford on the yellow skid and the "queen" roll on the blue skid. Expert testimony revealed that Norfolk was negligent in not constructing the yellow skid with "V" shaped arms and that had it done so the "king" roll would not have fallen off the SMX truck. Finally, expert testimony established that the metal band that broke, permitting the "king" roll to fall off the truck, had been significantly weakened by stress fractures caused by cutting the bolt holes with an acetylene torch and that the proper and accepted method of creating such holes is by drill.

Stafford received the rolls as described, removed the "king" roll, resurfaced it and replaced it on the yellow skid as it had arrived. Stafford then removed the "queen" roll from the blue skid, resurfaced it and replaced it on the blue skid. While it clearly can be argued that Stafford's actions did not constitute negligence, inasmuch as it merely parroted what Norfolk did and it was Norfolk's negligence that caused Stafford to act in the way it did, there was evidence from which the jury could conclude that Stafford knew that the "king" roll should have been secured by chains run from one side of the trailer around the journal of the roll and back down to the other side of the trailer, that such rigging would have prevented the roll from falling off the trailer, that Stafford did not include such instructions in the bill of lading that it presented to the SMX trucker and that industry practice dictated that the bill of lading contain such instructions. Instead the bill of lading provided merely that the materials were in proper condition for transportation according to the applicable regulations of the Federal Department of Transportation.

With regard to SMX, there was record evidence that each roll and skid were loaded on the trailer as a unit, that the trucker was entitled to assume that each unit was properly packaged for shipping, that the trucker secured the skids with chains of suitable strength to keep them from shifting or falling from the trailer, and that the skids remained secured at all times up to and including the accident. While there was evidence to the contrary, this merely presented credibility issues which the jury obviously resolved in favor of SMX *(see generally, Lachanski v Craig,* 141 AD2d 995, 997). From the foregoing, it is clear that there was evidence to support the

jury's verdict, and we are not prepared to say that the jury erred in apportioning responsibility as between Norfolk and Stafford.

We reject the contention that Supreme Court erred in declining to charge the jury with regard to the doctrine of res ipsa loquitur. Initially, we observe that the doctrine was developed for a plaintiff's benefit where it is clear that someone was negligent, but the plaintiff is without the wherewithal to prove who was at fault or why. Moreover, in order to be entitled to such a charge, it must be shown that (1) the event was of a kind that ordinarily would not have occurred without negligence, (2) it must have been caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it must not be due to any voluntary act on the plaintiff's part (see, Ebanks v New York City Tr. Auth., 70 NY2d 621, 623). Here, the skids and rolls were not within the exclusive control of SMX, and it cannot be said that the accident was not due to any acts of Norfolk or Stafford. The skids and rolls were packaged by Stafford and the yellow skid and its metal restraining straps were manufactured by Norfolk. Additionally, the evidence revealed that Stafford knew that the "king" roll should have been secured by chains around the journals but failed to apprise SMX of that fact.

Norfolk is correct that Supreme Court improperly permitted the SMX driver to testify that an unidentified Norfolk employer told him that the rolls were on the wrong skids and that the "king" roll weighed 30,000 pounds. However, this error was harmless because there was other unobjected-to testimony providing the jury with virtually identical information (see, Bethpage Water Dist. v Hendrickson Bros., 138 AD2d 660, 662). Norfolk representatives testified at trial that the "king" roll weighed 30,000 pounds and that the "king" roll was shipped on the yellow skid in contravention of its own rules.

Norfolk next contends that Supreme Court erred in charging the jury as to its responsibilities as a manufacturer of products because the yellow skid was not made to be sold. We disagree. To hold a manufacturer liable in negligence, it is not necessary that the product be for sale. Rather, a manufacturer is liable in negligence for harm to those who use the object for a purpose for which the manufacturer should expect it to be used and to those whom the manufacturer should expect to be endangered by its use (see generally, Restatement [Second] of Torts § 395). Accordingly, Norfolk properly could be held liable for the negligent design or manufacturing of the yellow

skid and the metal bands. And, contrary to Norfolk's contention, the charge given by Supreme Court did not have the effect of putting the case before the jury on a theory of strict products liability. The charge clearly was one for negligence with regard to the design and manufacture of the skid.

Norfolk and Stafford also contend that Supreme Court erred in denying their motion for a mistrial after learning that a trade publication dealing with motor carriers inadvertently had been left in the jury room by a prior jury. We disagree. Supreme Court examined each juror separately with regard to the offending publication and determined that two jurors had read portions thereof. Those jurors were excused. Importantly, both of those jurors averred that they had not discussed the magazine with any other jurors. A third juror admitted seeing the cover of the publication, denied reading any portion thereof and stated that his deliberations would not be affected by reason of his observations. That juror was not excused. In these circumstances, we do not believe that Supreme Court abused its discretion in declining to grant the motions for a mistrial.

The remaining arguments of Norfolk and Stafford have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.