■ Diversified Fuel Carriers Corp. et al., Appellants, v Coastal Oil NY, Inc., Respondent. [720 NYS2d 169] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff Diversified Fuel Carriers Corp. appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 3, 1999, which granted the defendant's motion pursuant to CPLR 4404 to set aside a jury verdict in its favor, and to dismiss the complaint. The plaintiff Robert Dispenza appeals from the same order.

Ordered that the appeal by Robert Dispenza is dismissed as abandoned; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

On a postverdict motion for judgment as a matter of law (*see,* CPLR 4404 [a]), the Supreme Court must determine whether any rational basis exists for the conclusion reached by the jury (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499). "The test is not whether the jury erred in weighing the evidence presented, but whether any viable evidence exists to support the verdict (*Barker v Bice*, 87 AD2d 908)" (*Kozlowski v City of Amsterdam*,

111 AD2d 476, 477). The plaintiff failed to provide sufficient evidence from which the jury could rationally determine that the defendant breached the confidentiality agreement in question. Moreover, the plaintiff failed to provide evidence that any alleged breach resulted in a loss of business, or of a measure of damages "based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien,* 82 NY2d 395, 403). Therefore, the Supreme Court properly granted the motion to set aside the verdict and dismiss the complaint. Altman, J. P., McGinity, Feuerstein and Smith, JJ., concur.