■ HENRY F. BRZUSZEWSKI, JR., Appellant, v 69-70 ASSOCIATES, Respondent. (And a Third-Party Action.) [749 NYS2d 900] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Sampson, J.), entered August 22, 2001, which, upon the granting of the defendant's oral application, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability in favor of the plaintiff as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

A verdict must be set aside where there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499). "The test is not merely whether the jury erred in its interpretation of the evidence, but whether any evidence exists to support the verdict" (*Barker v Bice,* 87 AD2d 908, 908).

Contrary to the plaintiff's contention, the Supreme Court properly set aside the verdict in his favor, as a matter of law, and granted judgment in favor of the defendant. The plaintiff failed to present evidence from which the jury could rationally conclude that the defendant's negligence was the proximate cause of his injuries (*see generally Diversified Fuel Carriers Corp. v Coastal Oil N.Y.,* 280 AD2d 448). Prudenti, P.J., Friedmann, H. Miller and Cozier, JJ., concur.