■ Silver Oak Capital L.L.C. et al., Respondents-Appellants, v UBS AG et al., Appellants-Respondents. [920 NYS2d 325]—

The bar order issued in a federal class action that expressly relieved defendants from further liability for claims arising from the collapse of a certain dishonest scheme does not preclude plaintiffs' claims, to the extent plaintiffs' claims are based on different legal theories (and facts further to those in common with the class members' claims) and independent damages (*see Gerber v MTC Elec. Tech. Co., Ltd.*, 329 F3d 297 [2d Cir 2003], *cert denied sub nom. Daiwa Sec. Am. Inc. v Kayne*, 540 US 966 [2003]; *National Super Spuds, Inc. v New York Mercantile Exch.*, 660 F2d 9, 18 n 7 [2d Cir 1981]).

Plaintiffs allege, in sufficient detail to state causes of action for fraud and aiding and abetting fraud, that UBS Financial, through its officers and personnel, actively participated in plaintiffs' private placement transaction and in the dishonest scheme (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 493 [2008]; *National Westminster Bank v Weksel*, 124 AD2d 144, 147-148 [1987], *lv denied* 70 NY2d 604 [1987]). Contrary to Financial's argument, plaintiffs sufficiently allege loss causation since it was foreseeable that they would sustain a pecuniary loss as a result of relying on Financial's alleged misrepresentations (*see Sterling Natl. Bank v Ernst & Young, LLP*, 9 Misc 3d 1129[A], 2005 NY Slip Op 51850[U], *6 [2005]). Nor do the general disclaimers contained in the private placement memorandum avail Financial since they were not specifically applicable to the alleged misrepresentation at issue (*see Steinhardt Group v Citicorp*, 272 AD2d 255, 256-257 [2000]).

Plaintiffs' claims of negligent misrepresentation and unjust

enrichment are not barred by the Martin Act (General Business Law article 23-A; *see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 80 AD3d 293 [2010]; *CMMF, LLC v J.P. Morgan Inv. Mgt. Inc.*, 78 AD3d 562, 563-564 [2010]). Plaintiffs sufficiently allege that Financial had unique and special knowledge about the source of the financing for the company in which they invested (namely, looted assets of the alleged dishonest scheme) to state a cause of action for negligent misrepresentation as against Financial (*see Kimmell v Schaefer*, 89 NY2d 257 [1996]). Plaintiffs' allegations that the placement fee paid to Securities via Financial was taken directly from the funds they invested are sufficient to state a cause of action for unjust enrichment as against Securities and Financial (*see Cox v Microsoft Corp.*, 8 AD3d 39, 40 [2004]; *Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 117 [1990], *lv denied* 77 NY2d 803 [1991]).

The complaint, however, does not state a cause of action for fraud, aiding and abetting fraud or negligent misrepresentation as against UBS Securities, since there are no specific allegations that Securities knew of the alleged misrepresentations or made any representations itself with the intent to deceive; bare allegations of "access" to financial records do not raise an inference of scienter (*see Teamsters Local 445 Frgt. Div. Pension Fund v Dynex Capital Inc.*, 531 F3d 190, 196 [2d Cir 2008]; *Steinberg v Ericsson LM Tel. Co.*, 2008 WL 5170640, \*13, 2008 US Dist LEXIS 99727, \*38-41 [SD NY 2008]). As the motion court observed, even the most thorough due diligence would have been unlikely to discover "the actual situation," i.e., the actual capitalization of the company invested in, and plaintiffs allege no facts that could have alerted Securities to that situation.

Plaintiffs' allegations concerning UBS AG, the Swiss parent of Securities and Financial, are insufficient to raise the inference that AG exercised the direct intervention in the management of its subsidiaries required for the imposition of liability under an agency theory (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980]; *A.W. Fiur Co. v Ataka & Co.*, 71 AD2d 370, 373-374 [1979]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.