Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 22, 2013, upon a jury verdict, awarding damages to both plaintiff and defendant, and bringing up for review orders, same court and Justice, entered June 11, 2012, which granted defendant’s motion to dismiss the causes of action for fraudulent inducement, negligent misrepresentation and breach of the implied covenant of good faith and fair dealing, denied plaintiffs motion for summary judgment on the sixth cause of action for breach of contract, and granted defendant’s cross motion for summary judgment dismissing that cause of action, unanimously modified, on the law, to vacate the award of damages to plaintiff, to deny defendant’s motion to set aside the jury’s verdict on its counterclaim and vacate the damages award to defendant to the extent it is attributable to the counterclaims, and the matter remanded for a new trial on the issue of plaintiff’s damages, and otherwise affirmed, without costs.
Plaintiff, an operator of health and fitness clubs, hired defendant to develop a custom-made computer software system to run its daily operations. Concerned that the project was going over the estimated budget and time schedule, plaintiff refused to pay outstanding invoices of approximately $3 million, whereupon defendant suspended work on the project and refused to turn over its preexisting software, including its source code, which had been licensed to plaintiff as part of the agreement.
Plaintiff commenced this action, asserting, inter alia, causes of action for fraudulent inducement and negligent misrepre *410 sentation in connection with defendant’s initial cost and time estimates, breach of contract with respect to defendant’s obligation to provide reports on the status and progress of the software development project, breach of the implied covenant of good faith and fair dealing, and breach of defendant’s obligation not to suspend the preexisting software license. Defendant asserted counterclaims for breach of contract in connection with plaintiffs failure to pay the outstanding invoices.
On defendant’s motion, the court dismissed the claims for fraudulent inducement, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing. It also denied plaintiffs motion for partial summary judgment on its cause of action for breach of the obligation not to suspend the software license (the sixth cause of action), and granted defendant’s motion for summary judgment dismissing that cause of action.
Following a trial, the jury found that defendant provided one or more reports to plaintiff that contained materially false statements of fact and that plaintiff relied to its detriment on those statements and suffered damages as a result. The jury found that defendant did not materially perform its obligations under the agreement, and awarded defendant no damages on its counterclaim for unpaid invoices.
Defendant moved pursuant to CPLR 4404 to set aside the jury verdicts that it breached the contract by providing false reports and that it did not perform its obligations under the contract. The court denied the motion as to plaintiffs breach of contract claim, but granted the motion as to defendant’s counterclaim, finding that defendant had materially performed its contractual duties and was entitled to damages in the full stipulated amount of the outstanding invoices.
We find that it was not utterly irrational, or against the weight of the evidence, for the jury to conclude that defendant breached the contract by making false statements of fact in the status and progress reports and, accordingly, that defendant failed to materially perform its obligations under the contracts. However, we find that the award of damages to plaintiff must be set aside as speculative and not supported by the evidence (see Diversified Fuel Carriers Corp. v Coastal Oil NY, 280 AD2d 448 [2d Dept 2001]; Peak v Northway Travel Trailers, Inc., 27 AD3d 927, 929 [3d Dept 2006]). Although the evidence is sufficient to show that defendant’s deception as to the true status of the project limited plaintiff’s ability to control costs by exercising its power to terminate or modify the project, given plaintiffs scant evidence as to its damages, combined with the *411 inadequate jury charge on damages, the jury was not given a reasonable way to calculate the amount by which plaintiff was damaged.
The fraudulent inducement and negligent misrepresentation claims were not pleaded with the requisite particularity (see Silver Oak Capital L.L.C. v UBS AG, 82 AD3d 666, 668 [1st Dept 2011]; Pacnet Network Ltd. v KDDI Corp., 78 AD3d 478 [1st Dept 2010]). The breach of the implied covenant of good faith and fair dealing claim was duplicative of the breach of contract claim.
The court correctly dismissed the sixth cause of action for breach of contract, which alleged that defendant breached its obligation not to suspend the preexisting software license. Although the contract provided that this license was “irrevocable,” it also provided that defendant would not suspend any licenses if plaintiff was not in breach of its payment obligation. Plaintiff does not dispute that it breached its payment obligation, and concedes that a fair reading of the contract implies that, given the breach, defendant could suspend licenses. Instead, it argues that this right to suspend would apply only to licenses other than the irrevocable license. However, the only one of the licenses referred to in the contract that is subject to suspension by defendant is the irrevocable license for the preexisting software. Thus, defendant had the contractual right to suspend that license upon plaintiffs breach of its payment obligation. Concur — Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.